UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DANIEL DRISCOLL,<br><br>　　　　Petitioner,<br><br>　　　v.<br><br>JOSIE GASTELO, Warden,<br><br>　　　　Respondent. | NO. CV 17-7756-DOC (AGR)<br><br>OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS (SUCCESSIVE PETITION) |

On October 24, 2017, Petitioner filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. He challenges a 1999 Los Angeles County Superior Court conviction and sentence for second degree murder with a gun enhancement. (Petition at 2.) Because he previously challenged the same state court judgment in a federal habeas action that was dismissed with prejudice and because he lacks Ninth Circuit authorization to file a successive petition, the Court does not have jurisdiction over the successive petition.

Petitioner also filed, in connection with his current Petition, a motion pursuant to Fed. R. Civ. P. 60(b) for relief from judgment in his prior habeas action, *Driscoll v. Yarborough*, No. CV 02-3013-DOC (AN) ("*Driscoll I*"). The Clerk is directed to file the motion in *Driscoll I*.

# I.

## **PROCEDURAL BACKGROUND**

Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the records in Petitioner's prior federal habeas corpus action in the Central District of California.

In 1999, a Los Angeles County Superior Court jury convicted Petitioner of second degree murder. The jury also found true an enhancement allegation that, in committing the murder, Petitioner personally and intentionally discharged a firearm, causing great bodily injury and death. He was sentenced to prison for an aggregate term of 40 years to life. (Petition at 2; *see* Dkt. Nos. 66, 73 in *Driscoll I*.) Petitioner filed unsuccessful appeals and habeas actions in state court.

On April 11, 2002, Petitioner filed a habeas petition in this Court. On December 29, 2005, the Court entered Judgment dismissing *Driscoll I* with prejudice and, on February 15, 2006, the Court denied a certificate of appealability. (*Driscoll I*, Dkt. Nos. 73, 74, 77.) The Ninth Circuit denied a certificate of appealability on August 30, 2007 in its case number 06-55273. (Dkt. No. 82.) The United States Supreme Court denied certiorari on March 31, 2008 in its case number 07-8996.

On March 23, 2017, Petitioner filed an application in the Ninth Circuit for authorization to file a second or successive habeas petition in that court's case number 17-70835. According to the public docket, that application remains pending.

The Petition for Writ of Habeas Corpus filed on October 24, 2017 in this Court contains two grounds for relief: (1) the prosecution failed to prove each element of the firearm enhancement beyond a reasonable doubt and, therefore, he is actually innocent of the enhancement in Cal. Penal Code § 12022.53; and (2) the same enhancement statute is unconstitutionally vague. (Petition at 5.)

Petitioner contends his actual innocence exempts him from the one-year statute of limitations under 28 U.S.C. § 2244(b)(2)(B)(ii). (*Id.* at 5.)

Petitioner also filed a motion pursuant to Fed. R. Civ. P. 60(b) for relief from judgment in *Driscoll I*. The Rule 60(b) motion raises new grounds for relief that were not contained in the Second Amended Petition in *Driscoll I*. Specifically, Petitioner argues, as he does in the successive petition, that the gun enhancement in Cal. Penal Code § 12022.53(d) is inapplicable to defendants who have not furthered or promoted a criminal street gang pursuant to Cal. Penal Code § 186.22(b) and, therefore, he is actually innocent of the gun enhancement.[1]

# I.
# DISCUSSION

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the Petition. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

The AEDPA provides, in pertinent part: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court does not have jurisdiction to consider a "second or successive" petition absent authorization from the Ninth Circuit. *Burton v. Stewart*, 549 U.S. 147, 152 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the

---

[1] Section 12022.53(d) mandates a consecutive 25-year term of imprisonment for any person who, in the commission of enumerated felonies including murder, "personally and intentionally discharges a firearm and proximately causes great bodily injury or death." Section 12022.53(d), unlike § 12022.53(e), does not require a violation of § 186.22(b). *See Ozoa v. Sutton*, 2017 U.S. Dist. LEXIS 98461, *5 (S.D. Cal. June 23, 2017).

3

court of appeals, consider a second or successive habeas application.") (citation and quotation marks omitted).

Petitioner's successive petition attacks the same state court judgment. *Magwood v. Patterson*, 561 U.S. 320, 331 (2010). Petitioner's reference to his actual innocence does not alter the analysis. *See Williams v. Thaler*, 602 F.3d 291, 304-05 (5th Cir. 2010) (because petitioner failed to obtain Court of Appeals' authorization for leave to file successive petition, "district court did not have jurisdiction to consider [petitioner]'s claim of actual innocence").

Contrary to Petitioner's argument, Fed. R. Civ. P. 60(b) does not authorize the filing of a successive petition. "Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules." *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005) (footnote omitted). As discussed above, one of the AEDPA-amended statutes requires that, "before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions." *Id.* at 530. A Rule 60(b) motion, like petitioner's, that seeks adjudication of a claim of constitutional error "is, if not in substance a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be 'inconsistent with' the statute. Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction – even claims couched in the language of a true Rule 60(b) motion – circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." *Id.* at 531. Such a use of Rule 60(b) "would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar." *Id.* at 532. Petitioner's Rule 60(b) motion, which seeks

4

to add new grounds for relief, is impermissible. *Id.*; *see also Doe v. Ayers*, 782 F.3d 425, 430 (9th Cir. 2015); *Jones v. Ryan*, 733 F.3d 825, 838 (9th Cir. 2013) (finding Rule 60(b) motion to be disguised habeas petition).

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Here, summary dismissal is warranted.

## II.
## ORDER

IT IS HEREBY ORDERED that Judgment be entered summarily dismissing the Petition and action for lack of jurisdiction.

DATED: November 9, 2017

DAVID O. CARTER
United States District Judge